UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ENTERGY CORPORATION AND SUBSIDIARY COMPANIES,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | Civil Action No. _____ |

# COMPLAINT

Plaintiff, Entergy Corporation and Subsidiary Companies ("Entergy"), alleges against defendant, United States of America, as follows:

## NATURE OF THE ACTION

1.　Entergy brings this suit pursuant to 26 U.S.C. § 7422(a) and 28 U.S.C. § 1346(a)(1) against defendant for the recovery of Federal income tax and interest erroneously and illegally assessed and collected from plaintiff by defendant's agency, the Internal Revenue Service (the "IRS"), for plaintiff's taxable year 2007.

## PARTIES

2.　Entergy is a corporation organized under the laws of the State of Delaware with a principal place of business located in New Orleans, Louisiana.

3.　Entergy is, and at all times relevant to this Complaint was, the parent corporation of an affiliated group of corporations that filed consolidated Federal income tax returns on a calendar-year basis with the Internal Revenue Service Center in Ogden, Utah.

4.　Defendant is the United States of America.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a).

6. This action is brought subsequent to plaintiff's timely filing with the IRS of proper claims for refund for the taxable year 2007 of wrongfully collected tax and interest, as required by 26 U.S.C. § 7422(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1402(a)(2) because defendant is the United States and Entergy's principal place of business is located within the Eastern District of Louisiana.

**FACTUAL ALLEGATIONS**

8. On December 19, 2008, Entergy filed its Federal income tax return for the 2007 taxable year with the IRS.

9. As is common for large corporations, the IRS examined Entergy's 2007 Federal income tax return.

10. The law provides the IRS with three years from the filing of a tax return to assess additional tax, with some exceptions. 26 U.S.C. § 6501.

11. An assessment is "made by recording the liability of the taxpayer in the office of the Secretary [of the Treasury] in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C. § 6203; *Brafman v. U.S.*, 384 F.2d 863, 865 (5th Cir. 1967).

12. The Secretary of the Treasury has promulgated a regulation prescribing the method by which an assessment must be made. It states, in relevant part:

> The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable,

>   and the amount of the assessment . . .  The date of the assessment
>   is the date the summary record is signed by an assessment officer.

26 C.F.R. § 301.6203-1.

13. The Internal Revenue Code allows the time for the IRS to make the required assessment to be extended if the taxpayer consents in writing.  26 U.S.C. § 6501(c)(4)(A).

14. During the course of the examination and administrative appeal regarding Entergy's 2007 Federal income tax return, the IRS requested that Entergy extend the statute of limitations on assessments for Entergy's 2007 taxable year.

15. Entergy agreed to extend the period of limitations for assessment for the 2007 taxable year to December 31, 2014.

16. The IRS proposed adjustments to the amounts reported on Entergy's 2007 return. Entergy did not agree with the proposed adjustments and requested a review by the IRS Office of Appeals.

17. Entergy and the IRS Office of Appeals resolved the dispute.  Pursuant to that resolution, Entergy consented to be timely assessed additional Federal income taxes for 2007 in the amount of $404,255,727.

18. To memorialize the agreement, on or around June 11, 2014, Entergy and the IRS Office of Appeals executed a Form 870-AD, Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment.

19. Because of the complexities inherent in the calculation of interest on tax deficiencies, Entergy had a long history of collaborating with the IRS to ensure that the correct amount of interest was calculated on its tax liabilities.

20. On June 11, 2014, Entergy sent a letter by email to the IRS Office of Appeals. The letter states, in relevant part:

> Earlier this week you [IRS Appeals] indicated to us that you will soon forward these cases to the Complex Interest Team to close (compute interest and make the assessments or post overpayments). Below we clarify the manner in which we wish to designate the application of prior net tax overpayments, and deposits made in the nature of a cash bond . . .

The letter then lists the amounts of tax overpayments as well as the dates and amounts of various deposits made with the IRS. The letter also states:

> **In order for us to ensure accuracy and our concurrence with your calculations, we request that you provide us a copy of any interest computations done by the IRS, in connection with <u>and prior to the actual</u> assessment of the 2006 and 2007 Form 870-AD and the posting of tax payments to satisfy the tax deficiencies including any applicable interest.**

The bold and underlining appear in the original letter.

21. On October 16, 2014, the IRS wrote to Entergy with its initial interest calculation, which showed interest for 2007 of $14,963,512.27.

22. On October 27, 2014, Entergy contacted the IRS by email raising questions and concerns that Entergy had with respect to the IRS's interest calculations. The email stated in pertinent part:

> Please confirm our understanding that we will receive a billing for $57,035,329.60 for Entergy Corporation's 2007 tax year, and that this is the only year from 1996 through 2007 with a remaining balance.

23. When Entergy still had not received final calculations by December 2014, it contacted the IRS again by email on December 3, 2014:

> [W]e are still awaiting the posting of Entergy's . . . 2006-2007 IRS Appeals results.
>
> At your earliest convenience, we would greatly appreciate your sending us updated/current [Federal income tax] account transcripts/"Record of Account" for the years 2002 and 2006-2007, in order for us to confirm that the actual account postings comport with our agreement with Appeals.

{N3619712.1}  4

24. The statute of limitations for the IRS to assess the amounts in the Form 870-AD expired on December 31, 2014.

25. The IRS did not respond for almost six weeks. On January 14, 2015, the IRS sent Entergy an email:

> I am so sorry it has taken this long, we are in the dead cycles to update our systems to 2015 information. Please see the transcript you requested I hope this [resolves] your issue.

The transcript attached to the email showed a balance due for 2007 of $59,386,285.49. Entergy never received final tax or interest calculations.

26. Entergy did not receive a bill for the amount due, as would be expected in the normal course. Instead, the first communication Entergy received related to an amount due was a Notice of Intent to Levy, dated February 16, 2015. A levy is a forced seizure of a taxpayer's property by the IRS.

27. The Notice of Intent to Levy stated that Entergy owed tax for 2007 of $59,386,285.49 and a failure-to-pay penalty of $631,076.63.

28. As relevant here, the failure-to-pay penalty (26 U.S.C. § 6651(a)(3)) is imposed when a tax has not been paid within 10 business days of a notice and demand. The penalty is 0.5 percent of the amount of tax for each month, or part thereof, not to exceed 25 percent. 26 U.S.C. § 6651(a)(3). Entergy did not receive the required notice and demand.

29. Shortly after receipt of the Notice of Intent to Levy, Entergy sent a wire transfer of $59,386,285.49 to the IRS, on February 25, 2015.

30. Entergy raised the failure-to-pay penalty with the IRS Office of Appeals, including the lack of the required notice and demand. The IRS Office of Appeals agreed to abate the failure-to-pay penalty.

31. Given the failure by the IRS to provide final interest computations, the delay by the IRS in providing transcripts, the absence of the required notice and demand, the lack of even a bill on a tax underpayment, and the sudden issuance of a Notice of Intent to Levy, Entergy began to question whether the IRS assessed additional tax (described in paragraph 17) for 2007 before the statute of limitations expired on December 31, 2014.

32. In April 2015, Entergy submitted a request to the IRS under the Freedom of Information Act ("FOIA") with respect to its 2007 taxable year for documents evidencing a timely assessment. Specifically, Entergy requested: (1) the 23C document; (2) the RACS 006; and (3) the summary record of assessment and all supporting forms authorizing entry of assessment, including, but not limited to, Form 5403 (Appeals Closing Record).

33. As described above in paragraph 12, Treasury Regulations require that an assessment be made by an "assessment officer signing the summary record of assessment." 26 C.F.R. § 301.6203-1. The same regulation provides that "If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amount assessed." *Id.* Historically, the IRS used a "Summary Record of Assessment" (Form 23C) to record assessments. *March v. Internal Revenue Service*, 335 F.3d 1186, 1188 (10th Cir. 2003). As technology developed, the IRS moved to an electronically-generated form, called a Revenue Accounting Control System Report 006 or "RACS 006." Although electronically generated, a RACS 006 is still (as required by regulation) signed by an assessment officer. *Roberts v. Comm'r*, 118 T.C. 365, n.8 (2002).

34. The IRS sent two separate responses to Entergy's FOIA request-one on April 23, 2015, and one on May 8, 2015.

35. Neither IRS response included any documents establishing that an assessment of the additional Federal income tax for 2007 referred to in paragraph 17 above had been made. The IRS did not produce a Form 23C, RACS 006, or summary record of assessment, relating to that additional tax. Additionally, the April 23, 2015 response stated as follows: "For the RACS 006 report for November 12, 2014, I found no documents specifically responsive to your request." Nevertheless, this same response included a transcript of account for Entergy's 2007 taxable year which represented that an assessment had occurred on November 12, 2014. The amount of this entry was $409,857,185, which was reduced by a general business credit carryback of $5,601,458, which nets to $404,255,727.

36. The IRS failed to make an assessment pursuant to 26 C.F.R. § 301.6203-1 (requiring an assessment to be made by an assessment officer signing the summary record of assessment) for taxable year 2007 prior to December 31, 2014, the date on which the period of limitations for assessment for the 2007 taxable year expired.

37. Because the IRS failed to assess additional tax and interest within the statute of limitations, the IRS was not entitled to (i) collect the wire payment of $59,386,285 on February 25, 2015, or (ii) apply $362,183,952 of overpayment credits and deposits to the 2007 taxable year.

38. On May 11, 2016, Entergy filed refund claims with the IRS at Ogden, Utah requesting a refund of overpaid tax of $404,255,727, plus $17,314,510 of interest, and overpayment interest as allowed by law. The basis for the claims was the untimely assessment.

39. Entergy's claims for refund were timely.

40. The IRS has neither granted nor denied the refund claims.

41. This action is timely filed under 26 U.S.C § 6532(a)(1).

## Count I
### Recovery of Internal Revenue Tax Erroneously or Illegally Assessed or Collected
### (26 U.S.C. § 7422(a))

42.  Paragraphs 1 through 41 are incorporated by reference as if stated in full herein.

43.  The statute of limitations on additional assessments for taxable year 2007 expired on December 31, 2014.

44.  The IRS did not assess $404,255,727 of additional tax and did not assess $17,314,510 of interest for taxable year 2007 on or before December 31, 2014.

45.  The IRS collected $59,386,285 on February 25, 2015, and applied that amount to Entergy's 2007 taxable year.

46.  The collection of that $59,386,285 was erroneous or illegal because the assessment on which it was based was not timely.

47.  Entergy's timely filed claims for refund of overpaid tax of $404,255,727, plus $17,314,510 of interest, includes the $59,386,285 collected on February 25, 2015.

## Count II
### Recovery of Internal Revenue Tax Erroneously or Illegally Assessed or Collected
### (26 U.S.C. § 7422(a))

48.  Paragraphs 1 through 41 are incorporated by reference as if stated in full herein.

49.  The statute of limitations on additional assessments for taxable year 2007 expired on December 31, 2014.

50.  The IRS did not assess $404,255,727 of additional tax and did not assess $17,314,510 of interest for taxable year 2007 on or before December 31, 2014.

51.  The IRS applied $362,183,952 of overpayment credits from prior taxable years and deposits to Entergy's 2007 tax year.

52.  The application of that $362,183,952 was erroneous or illegal because the assessment on which it was based was not timely.

53. Entergy's timely filed claims for refund of overpaid tax of $404,255,727, plus $17,314,510 of interest, includes the $362,183,952 overpayment paid through the application of credits and deposits.

54. Accordingly, Entergy has an overpayment for the 2007 taxable year and is entitled to a refund of (i) the wire payment of $59,386,285 made on February 25, 2015, and (ii) the overpayment credits and deposits totaling $362,183,952 that were applied to the 2007 taxable year.  *See* 26 U.S.C. § 6401(a).

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff demands judgment in its favor and against the United States:

(a) in an amount equal to the amount of the wire transfer payment of $59,386,285, made by Entergy on February 25, 2015, plus interest as allowed by law;

(b) in an amount equal to the overpayment credits and deposits totaling $362,183,952 that were applied to Entergy's 2007 taxable year, plus interest as allowed by law; and

(c) such other and further relief as plaintiff may be entitled to receive.

Dated:  June 28, 2018                                  Respectfully submitted,

*/s/ R. Patrick Vance*
R. Patrick Vance (LA Bar Roll #13008)
Brett S. Venn (LA Bar Roll #32954)
Jones Walker LLP
201 St. Charles Ave., Ste 5100
New Orleans, Louisiana 70170
(504) 582-8194 (tel.)
pvance@joneswalker.com
bvenn@joneswalker.com

Stephen D. Gardner, T.A. (*Pro Hac Vice Pending*)
Kathleen Pakenham (*Pro Hac Vice Pending*)
Adriana Lofaro Wirtz (*Pro Hac Vice Pending*)
Cooley LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6130 (tel.)
sgardner@cooley.com
kpakenham@cooley.com
awirtz@cooley.com

Joseph T. Henderson (LA Bar Roll #30352) (*E.D. La. Admission Application To Be Filed*)
David J. Dziak (*Pro Hac Vice To Be Filed*)
Casey M. Baker (*Pro Hac Vice To Be Filed*)
Entergy Services, Inc.
2001 Timberloch Place
Second Floor North
The Woodlands, Texas 77380
(281) 297-3651 (tel.)
jhende2@entergy.com
ddziak@entergy.com
cbaker2@entergy.com

***Counsel for Plaintiff***